18492.    CENTRAL OF GEORGIA RAILWAY CO. *v.* ANDREWS.

BROYLES, C. J.    1. The petition as finally amended was not subject to any
    ground of the demurrer, and the court properly so held.
2. The verdict was authorized by the evidence, and none of the special
    grounds of the motion for a new trial show reversible error. This court
    can not hold, under all the facts of the case, that the amount of the
    verdict ($7500) is so excessive as to justify the inference of gross mis-
    take or undue bias of the jury. The refusal to grant a new trial was
    not error for any reason assigned.
                   *Judgment affirmed. Luke and Bloodworth, JJ., concur.*
                   DECIDED JANUARY 10, 1928.

Damages; from Macon superior court—Judge Littlejohn. August 31, 1927.

Application for certiorari was made to the Supreme Court.

For ejection from a train of the Central of Georgia Railway Company Mrs. Andrews sued that company, alleging in brief that in Miami, Florida, she bought from the East Coast Line Railway Company a ticket for transportation over its line and from Jacksonville, Florida, to Albany, Georgia, over the Atlantic Coast Line, and over the Central of Georgia Railway Company from Albany to Montezuma, Georgia, her destination, and that the sale was made by virtue of an arrangement between these railroad companies by which each sold through tickets over the several roads, which made them each agents for the other in selling transportation and in their dealings with the public; that the ticket-selling agent at Miami advised her to take a train at Jacksonville, known

Appeal and Error, 4 C. J. p. 872, n. 19.
Carriers, 10 C. J. p. 780, n. 11.

as the Dixie Flyer, a tourist through train, and that it would put her off at Montezuma; that she did so, and with her husband and her four small children, one of them about two weeks old, was in transit on that train on the Atlantic Coast Line outside of Albany, when the train conductor advised her to leave the train at Albany and take a local train to destination, telling her that the Dixie Flyer did not stop at Montezuma; that she refused to do this; that on the Central of Georgia Railway out of Albany she was advised, for the same reason, to leave the train at Americus, the nearest scheduled stop for Montezuma; that the conductor who thus advised her talked loudly, excited her, humiliated her, and made her nervous, and ordered her off the train at Oglethorpe, Georgia (two miles from destination), where the train was forced to stop at the A., B. & A. crossing, and then put her off in the dark, forcing her to jump from the train, and that in consequence she suffered injuries to her womb and in other particulars stated. She sued for damages in the sum of $20,000 for wrongful ejection and for failure and refusal to carry her to her destination as required by the contract of transportation.

The defendant demurred to the petition generally and specially. In its answer it denied allegations of the petition, and alleged that the plaintiff was a trespasser on a through train, with notice that it was not scheduled to stop at Montezuma; and that if she received the alleged injuries, they were due to her own fault and could have been avoided by the exercise of reasonable care on her own part.

*Felton & Felton, H. A. Wilkinson,* for plaintiff in error.

*J. A. Hixon, R. L. Greer, John M. Greer,* contra.